IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


DANIEL RAY TREVINO                                                              PETITIONER

v.                                    Case No. 2:11CV00174 KGB-JTK

T.C. OUTLAW, *Warden*,
FCI-Forrest City                                                                RESPONDENT


## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.Why the record made before the Magistrate Judge is inadequate.

2.Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted)  was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Daniel Ray Trevino for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry # 2) Petitioner claims that he is owed 287 days of jail credit that the Bureau of Prisons (BOP) originally calculated on September 19, 2006, but later retracted. He further claims that his state charges were already dismissed when the federal court sentenced him, and therefore, he is owed credit pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) or *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). Respondent has filed a response contending that the Petition should be denied. (Docket Entry # 11) For the reasons that follow, the Court finds that the petition should be denied and dismissed with prejudice.

## I. BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). The facts giving rise to his incarceration are these: On August 6, 2004,

Texas authorities arrested Petitioner in Lubbock, Texas for unlawful possession of a firearm by a felon, two counts of theft of a firearm, unlawful possession of body/armor by a felon, possession of more than four ounces but less than five pounds of marijuana, and revocation of probation. Subsequently on October 13, 2004, Petitioner was indicted in the United States District Court for the Northern District of Texas, Lubbock Division, for possession of a firearm in furtherance of a drug trafficking crime, aiding and abetting, and felon in possession of a firearm. Petitioner pleaded guilty to counts four and five of the indictment on that same day. (Docket Entry #11-1, at 27) Thereafter, on May 17, 2005, the State of Texas dismissed the above-stated charges, *id.*, at 20-25, and the federal court sentenced Petitioner on May 20, 2005, to consecutive terms of sixty (60) months and seventy-eight (78) months, respectively, *id.* at 27-28.

On June 2, 2005, following a guilty plea, the State of Texas sentenced Petitioner to thirty (30) years on a new state charge of possession with intent to distribute cocaine. *Id.* at 32. Petitioner received jail credit on this sentence beginning August 6, 2004, and the state court ordered the sentence to run concurrently with the federal sentence. On June 29, 2005, Petitioner was sentenced by the Texas state court to five (5) years on a probation violation and given credit for September 4, 2003; August 7, 2004 to December 6, 2004; and May 27, 2005 to June 29, 2005. The state court judgment noted that the sentence was to "run Concurrent unless otherwise specified." *Id.* at 35. Petitioner was released into federal custody on August 8, 2005. On August 9, 2005, the State of Texas lodged a detainer for the 30-year cocaine and the 5-year probation violation sentences. *Id.* at 38.

On September 19, 2006, the BOP determined that Petitioner had accumulated 287 days of jail credit from August 6, 2004 through May 19, 2005. (Docket Entry #2, at 6-7) Subsequently, Petitioner's federal sentence computation was changed to reflect only three (3) days of jail credit. *Id.* at 8. Petitioner disputed this recalculation and was notified of the reasons for this change by letter dated July 19, 2010.

(Docket Entry #11-1, at 47) On January 26, 2009, and March 23, 2009, Petitioner filed motions with the United States District Court for the Northern District of Texas, requesting restoration of 287 days of jail credit. *Id.* at 50-57. The Court denied both motions by Order dated October 27, 2010. *Id.* at 59. Respondent admits that Petitioner has exhausted his administrative remedies with regard to the claim now before the Court; therefore, this matter is ripe for review before this Court.

## II.  DISCUSSION

Petitioner asserts that he is entitled to receive those 287 days of jail credit back. This matter is addressed by 18 U.S.C. § 3585, which provides:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Pursuant to section 3585, a defendant may receive credit towards his term of imprisonment for time that "has not been credited against another sentence." The BOP performs computation of federal sentences, including credit for time served. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Prisoners with questions or contentions about computation may seek administrative review of the calculation of their sentence and credits. 28 C.F.R. §§ 542.10-542.16. After exhausting the available administrative remedies, prisoners may seek judicial review. *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991).

4

Here, Texas authorities arrested Petitioner in Lubbock, Texas on August 6, 2004. He was transferred temporarily to the federal authorities on December 6, 2004, via a federal writ and returned to state custody on May 27, 2005. (Docket Entry #11-1, at 47) "If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005) (citing *United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y. 1993)). "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005) (citing *Thomas v. Brewer,* 923 F.2d 1361, 1365 (9th Cir.1991); *United States v. Vann,* 207 F. Supp. 108, 111 (E.D.N.Y.1962) ("The controlling factor in determining the power to proceed as between two contesting sovereigns is the actual physical custody of the accused.")). "Primary jurisdiction continues until the first sovereign relinquishes its priority in some way. Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence.*" United States v. Cole*, 416 F.3d at 897.

Petitioner entered federal custody on August 8, 2005, and Texas authorities clearly gave him jail credit for prior custody as evidenced by the Judgments dated June 2 and June 29 of 2005. He is not entitled to "double" credit for this time. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."). However, *Willis* and *Kayfez* provide the basis for exceptions to section 2585(b)'s rule against double credit, and Petitioner argues that he is entitled to these exceptions. *Willis/Kayfez* credit is granted to a federal prisoner where, due to factors associated with the lengths of multiple sentences, the prisoner would not see the benefit of presentence custody credits due to one sentence being subsumed by a longer sentence. In this instance, Petitioner is not entitled to *Willis* credit because the raw full term of his state sentence is not

5

shorter than the raw full term of his federal sentence. (*See* Docket Entry #11-1, at 61) Further, Petitioner is not entitled to *Kayfez* credits because the raw full term of his state sentence is longer than the raw full term of his federal sentence, but the difference between the terms is not less than the amount of credit awarded on the state sentence. *See id.* Thus, the Court finds that Petitioner has not been wrongfully denied any time credit in computing credit for prior custody.

### III.  CONCLUSION

Petitioner's challenge to Respondent's computation of his federal sentence is without merit. Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (Docket Entry #2) should be denied, dismissing this action this action in its entirety with prejudice.

SO ORDERED this 12th day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE